ANTON THOMPSON, APPELLANT, v. ELIHU C. PIERCE ET AL., APPELLEES.

FILED APRIL 3, 1914. NO. 17,685.

1. **Corpse**: RIGHT TO CONTROL. The right to control the disposition of the remains of a deceased husband lies primarily in the widow or next of kin, in such order.

2. ———: MUTILATION: RIGHT OF ACTION. The right to maintain an action for damages for mutilation of the corpse in such a case does not pass to the next of kin until it is made to appear that the widow has lost or abandoned her right to do so, or has waived the same.

APPEAL from the district court for Washington county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John Lothrop,* for appellant.

*W. C. Walton, Clark O'Hanlon* and *George A. Doll, contra.*

LETTON, J.

This is an action at law by the brother of a deceased person to recover damages for mental suffering on account of the mutilation of the corpse. A general demurrer to the petition was sustained and the action dismissed. Plaintiff appeals.

In substance the petition alleges that the plaintiff is about 12 years younger than the deceased, who was 50 years of age at the time of his death; that they had always lived in the same home or near each other, and there was a strong affection between them; that the deceased was married, but that a partial separation had taken place between him and his wife, who survives him; that the body was in plaintiff's care; and that defendants maliciously removed the stomach and refused to return it, and the body was buried without it, thereby trespassing upon plaintiff's rights and greatly injuring his feelings, to his damage in the sum of $1,000.

The courts of the United States generally recognize the right of the surviving spouse or next of kin of a deceased person to the care, custody and control of the remains for the purpose of sepulture. The point in dispute here is whether the surviving wife or the brother of the deceased is entitled to maintain an action for the wanton mutilation of the corpse. As between the wife and other relatives, the great weight of authority is that the care and custody of the body and the right to provide a place of burial rests in the first place with the surviving spouse. The right of the surviving husband or wife, or, *if there be none,* of the next of kin, to have the custody of the body of the deceased person and decide upon the place of its final burial is supported by the better reasoning and by the almost unanimous voice

of the authorities. There are, of course, exceptions, as there are to nearly all general rules, but they arise for the most part out of such circumstances as would deprive a natural guardian of the custody of a living child. *McEntee v. Bonacum*, 66 Neb. 651; *Larson v. Chase*, 47 Minn. 307, 14 L. R. A. 85. This is a leading case upon the subject. It has been followed and approved many times. Note to *Larson v. Chase, supra*, 2 L R. A. Ex. Ann. 1117; *Koerber v. Patek*, 123 Wis. 453; *Foley v. Phelps* 1 App. Div. (N. Y.) 551; *Pettigrew v. Pettigrew*, 207 Pa. St. 313; 64 L. R. A. 179; *Medical College of Georgia v. Rushing*, 1 Ga. App. 468; *Kyles v. Southern R. Co.*, 147 N. Car. 394, 16 L. R. A. n. s. 405.

The crucial question is whether upon the facts alleged in the petition the surviving spouse has lost her right to maintain such an action and the plaintiff has shown the right to do so.

The statement of facts in the petition is exceedingly meager, and, of course, its allegations must be taken most strongly against the pleader. It is alleged: "That deceased was married to Amanda C. Sheets on November 24, 1909, who survives deceased; that soon after said marriage there were disagreements and trouble between them; that, for want of affection one toward the other, they lived separate and apart from each other a large portion of the time after said marriage on Nov. 24, 1909, and before the death of the deceased on Oct. 12, 1910; that said wife had no love or affection for deceased at the time of his death; that soon after the death of the deceased, and while his body was under the care of this plaintiff, and while there was preparation being made for funeral," defendants wantonly mutilated the body.

We are of opinion that this language does not plead facts sufficient to establish the loss of the right of the surviving spouse to the body of her deceased husband. The plea as to the time of separation does not negative that they lived together at the time of the death. The further plea that the mutilation occurred "while his body was under the care of this plaintiff" does not aid the plaintiff's

case, because the body may have been placed under the care of plaintiff with the consent of the wife, and without any intention upon her part of yielding her right of control and disposition of the remains. Until this fact or the fact of a total estrangement and separation sufficiently appears no right of action lies in any other person.

We are of opinion that the demurrer was rightfully sustained, and the judgment of the district court is therefore

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.