ALEXANDER *v.* PACHOLEK.

1. ASSAULT AND BATTERY—TRESPASS—LICENSE—IMPLIED LICENSE.
   Where, in an action for personal injuries from assault, it appears that defendant, an undertaker, was called to plaintiff's home with her consent to care for and bury the body of an infant born to a guest in her home; that on the next morning he took the body in his car and called at plaintiff's home to see about getting his pay, when he learned that the mother had departed and that plaintiff had no intention of paying him; that he returned to his car, took the body therefrom, and, without knocking, re-entered the house and informed plaintiff that he intended to leave the body, *held*, that in so re-entering the house without knocking he was not a trespasser, since he had an implied, if not an express, license to go upon the premises as he did.

On right to recover for mental suffering caused by an assault where no bodily injury is inflicted see notes in 14 L. R. A. (N. S.) 666; 25 L. R. A. (N. S.) 976; 6 A. L. R. 989, 995.

2. Same—Evidence—Sufficiency.

In the absence of any evidence that defendant offered any physical violence, or that he threatened plaintiff, or that any such thing was contemplated by defendant, there was no assault, within the law.

3. Same—Damages Not Assessable for Fright Alone—Directed Verdict.

Since no damages are assessable for fright or mental distress unless accompanied with physical injury, where it appears that there was no physical injury, and no assault, and that plaintiff's case was based solely upon her fright and mental distress at the sight of the body, which was somewhat deformed, the trial court was in error in not granting defendant's motion for a directed verdict.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted January 16, 1923. (Docket No. 23.) Decided March 22, 1923.

Case by Mildred Alexander against Stanley J. Pacholek for personal injuries from assault. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Walter Phillips*, for appellant.

*Routier & Nichols*, for appellee.

BIRD, J. Defendant conducts an undertaking business in the city of Detroit. On the morning of April 11, 1920, defendant was called by plaintiff, or someone in her household, and advised that an infant had died in her house during the preceding night, and he was requested to come and take charge of and bury it. Defendant's assistant at once repaired to plaintiff's home and found that the baby belonged to a Mrs. Lago, a married woman, who had been a guest for several weeks at plaintiff's home. The baby had prematurely arrived and was slightly deformed in

its forehead. Mrs. Lago made arrangements with the assistant to take the baby to the funeral parlors, prepare it for burial, and inter it. The mother did not care to have a funeral at plaintiff's house. The price agreed upon for defendant's services was $39. Mrs. Lago accompanied defendant to the parlors, where the death certificate and other details were arranged. When she left she advised defendant she would pay him the following morning. She did not do so, and, between the hours of 11 and 12 in the forenoon, defendant's assistant placed the body in the car and went to plaintiff's house and inquired for Mrs. Lago. He was advised that she was not in. He then inquired who was going to pay for the burial. Plaintiff replied she did not know; she was not. Defendant then said to her that he would have to have his pay or would be obliged to leave the body. The assistant then went to the car and took the container in which the body had been placed, went into the house, opened it and laid the clothing on the davenport from which he had taken the body the morning before. When plaintiff saw that he was preparing to leave the body she yielded and gave him his money, whereupon defendant replaced the clothes in the container and left plaintiff's premises, and afterward buried it in accordance with the agreement.

It is plaintiff's claim that she was so horrified and frightened over the threat of defendant to leave the body of the deformed child that she fainted after defendant left her house, and that 10 days later she suffered a miscarriage by reason thereof, and was made sick for several days thereafter. At the conclusion of the proofs defendant requested a directed verdict, but the trial court overruled the motion and submitted the question to the jury. After considering the question for a time they awarded plaintiff damages in the sum of $500.

Counsel for plaintiff make the argument that defendant was a trespasser when he went back into the house the second time to return the body, because he went in without knocking. We have serious doubt whether this is a material fact. If he were a trespasser he was a trespasser on the real estate, and did not inflict any damage upon plaintiff's person. But, in any event, we do not think he was a trespasser on the premises. In the first instance he was invited to come on the premises by Mrs. Lago, a guest of plaintiff, and with plaintiff's consent. He was still engaged in the business for which he was invited to come onto the premises. On this visit he knocked at the door and was admitted. After he had talked with plaintiff and learned he was not going to be paid, he went out to the car to get the body to return it to the place from which he had taken it the day before. When he returned with the body he would not be expected to knock before entering, any more than a peddler would who had been regularly admitted and returned to his wagon to get some goods to exhibit. Defendant had an implied, if not an express, license to go upon the premises as he did. 25 Cyc. p. 642.

It is asserted, but not argued, by plaintiff's counsel that when defendant made this visit and returned the body he was guilty of an assault. There is nothing in the record that has been called to our attention which would support this assertion. It is not shown that defendant offered any physical violence, or that he threatened her, or that any such thing was contemplated by defendant. Unless there was a threat or offer on the part of defendant to do plaintiff physical injury, there was no assault, within the law. 3 Cyc. p. 1066.

The questions of trespass and assault being eliminated, the case is so similar to *Nelson* v. *Crawford,*

122 Mich. 466, that it must be ruled by that case. In that case the defendant dressed himself in women's clothing, put on a woman's hat and veil, and with a parasol started for plaintiff's house.    When he arrived he tapped the floor or walk with his parasol.    It attracted the attention of the plaintiff and she spoke to him but he made no answer.    She was very much frightened and ran to the bedroom, where her husband was, and defendant followed her.    The husband picked up a stick of wood and ordered him out, whereupon defendant spoke and made himself known.    It appeared that defendant did this stunt out of a spirit of fun and was not moved by any malicious motives, and with no intent to injure anyone.    As a result of this fright plaintiff claimed she suffered a miscarriage several days thereafter.    Inasmuch as plaintiff received no personal injury, it was held she could not recover damages for fright and mental disturbance.

In this case Mr. Justice GRANT calls attention to the fact that the courts are divided on the question whether damages may be recovered · for fright or mental anguish, where there is no physical injury.    Many of the cases are reviewed in the opinion and the conclusion is reached that what defendant did was not an assault and that no damages could be recovered for fright and mental distress, because there was no physical injury.    This case has been many times referred to and approved in subsequent cases, and the doctrine of that case was directly applied in *Ellsworth* v. *Massacar*, 215 Mich. 511.

A leading case on the question, and one often cited, is *Mitchell* v. *Railway Co.*, 151 N. Y. 110 (45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604).    In that case it is said, in part:

"If the right of recovery in this class of cases

222—Mich.—11.

should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest on mere conjecture or speculation.   The difficulty which often exists in cases of alleged physical injuries, in determining whether they exist,   *   *   *   would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims.   To establish such a doctrine would be contrary to principles of public policy.   *   *   *   We think the most reliable and better-considered cases, as well as public policy, fully justify us in holding that the plaintiff cannot recover for injuries occasioned by fright, as there was no immediate personal injury."

The case of *Ewing* v. *Railway Co.*, 147 Pa. St. 40 (23 Atl. 340, 30 Am. St. Rep. 709), considers the question:

"The wrong of which the plaintiff Eva Ewing complains was a collision of cars upon the railway of the defendant company, in consequence of which the cars 'were broken, overturned, and thrown from the track, and fell upon the lot and premises of the plaintiffs, and against and upon the dwelling house of plaintiffs, and thereby and by reason thereof greatly endangered the life of the said Eva Ewing, then being in said dwelling house, and subjected her to great fright, alarm, fear, and nervous excitement and distress, whereby she then and there became sick and disabled, and continued to be sick and disabled from attending to her usual work and duties, and suffered and continues to suffer great mental and physical pain and anguish, and is thereby permanently weakened and disabled,' etc.   To this statement the defendant demurred, and the court below entered judgment for defendant upon such demurrer.   This ruling is assigned as error.   It is plain from the plaintiff's statement of her case that her only injury proceeded from fright, alarm, fear, and nervous excitement and distress.   There was no allegation that she had received any bodily injury.   If mere fright, unaccompanied with bodily injury, is a cause of action, the scope of what are known as 'accident cases' will be

very greatly enlarged, for in every case of a collision on a railroad the passengers, although they may have sustained no bodily harm, will have a cause of action against the company for the 'fright' to which they have been subjected. This is a step beyond any decision of any legal tribunal of which we have knowledge."

This case is reported in 14 L. R. A. 666 and an appended note discusses the cases and the variance of the courts on the question. A valuable note is also annexed to the case of *Gulf, etc., R. Co.* v. *Hayter,* 77 Am. St. Rep. 856 (93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325).

Whatever may be the merits of the respective rules of damage this court has aligned itself with those courts which hold that no damages can be assessed for fright or mental distress unless accompanied with physical injury. The case is devoid of any evidence of assault, and, if we apply the rule laid down in *Nelson* v. *Crawford, supra,* the defendant was entitled to a directed verdict. The trial court was in error in not granting defendant's motion.

The judgment will be set aside with no new trial. Defendant will recover his costs.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.