ROBERT STUART BOYLE, AGNES BOYLE COX, JAMES BOYLE, ISABELLE BOYLE WAUGH, ROBERT BOYLE, ANNIE BOYLE MCCORMACK, JOHN BOYLE, NEAL BOYLE & JOSEPH BOYLE, *vs.* JAMES T. CHANDLER.

(*March* 24, 1927.)

PENNEWILL, C. J., and HARRINGTON, J., sitting.

*George W. Lilly* for plaintiffs.

*Frank L. Speakman* and *David J. Reinhardt* for defendant.

Superior Court for New Castle County, March Term, 1927. ▮▮▮▮▮▮▮▮ No. 268, September Term, 1926.

PENNEWILL, C. J., charging the jury:

This is an action in tort brought by Robert Stuart Boyle, surviving husband of Isabelle Broadley Boyle, deceased, and Agnes Boyle Cox, James Boyle, Isabelle Boyle Waugh, Robert Boyle, Annie Boyle McCormack, John Boyle, Neal Boyle and Joseph

Boyle, surviving children of the said Isabelle Broadley Boyle, deceased, against James T. Chandler to recover damages for what is alleged to have been an improper and indecent burial of the said Isabelle Broadley Boyle, who died in this city on the 21st day of August, 1926, and whose body was delivered to the said defendant for burial at Newport News, Virginia.

It is alleged in the plaintiff's declaration that—

"John Boyle, Neal Boyle and Robert Boyle, three of the plaintiffs above named, acting for themselves and the other plaintiffs, went to the undertaking establishment of the defendant and selected a coffin at an agreed price of three hundred dollars, and employed the said defendant to properly and decently prepare the corpse of the said Isabelle Broadley Boyle for burial in said coffin so selected and delivered the said body of the said Isabelle Broadley Boyle to the said defendant in trust and confidence and upon the promise of the said defendant that he would properly and decently prepare the said body of the said Isabelle Broadley Boyle for burial and that he would ship the said body in the casket or coffin so selected by way of the Pennsylvania Railroad Company's lines to Newport News, Virginia; and thereupon it became and was the duty of the defendant to prepare the said body of the said Isabelle Broadley Boyle for proper and decent burial and to properly and decently place the same in the said coffin or casket selected as aforesaid and to safely deliver the said body in said casket or coffin to the station of the Pennsylvania Railroad at Wilmington; yet the defendant, unmindful of his said duty, wilfully, fraudulently, wantonly, and without the authority or knowledge and against the wishes of the plaintiffs, but in violation and in disregard thereof and apart from his promises as aforesaid, and trespassing upon the rights of the plaintiffs as custodians of the body and person of the said Isabelle Broadley Boyle as heretofore set forth, and outraging said body and also the plaintiffs, and against, as well, the good morals and the peace of the community, did, after having placed the said body of the said Isabelle Broadley Boyle in the said coffin or casket selected as aforesaid, remove the said body from the said casket or coffin and place it in a different casket or coffin, and after removing the said body from the said casket or coffin selected as aforesaid and placing it in another and different coffin or casket, delivered the said body to the said Pennsylvania Railroad Station in Wilmington for shipment to Newport News. That by reason of the said acts of the defendant, the rights of the plaintiffs, who were the lawful surviving, loving and devoted husband and children respectively of the said Isabelle Broadley Boyle, have been recklessly and wilfully disregarded and their feelings cruelly lacerated, and the devotion, love and respect that the plaintiffs entertained for the said Isabelle Broadley Boyle have been shocked and wounded and the plaintiffs have suffered greatly therefrom, both in mind and body to their damages, to wit, in sum of fifteen thousand dollars ($15,000)."

There are three other counts in the declaration, but differing from the first only in charging that the defendant did remove the said body from the selected coffin and place it in a different coffin and one of much cheaper grade than the selected one, and causing

by the removal the right leg of the body of the deceased to become swollen, the left leg to be shortened approximately four inches, causing the chin of the deceased to be bruised, causing her death clothing to be disarranged, and articles of personal adornment to be greatly disarranged and misplaced, and otherwise greatly disfiguring the said body.

In briefer and more simple language the plaintiffs charge that the defendant, an undertaker of this city, to whom the body of Isabelle Broadley Boyle was delivered for burial, did wilfully, fraudulently and wantonly, and without the authority or knowledge and against the wishes of the plaintiffs remove the said body from the casket or coffin selected by the plaintiffs and place it in a different casket or coffin before delivering it to the railroad company for shipment to Newport News, and that the defendant in other ways wantonly, wilfully and fraudulently treated the said body improperly and indecently in preparing the same for burial.

The defendant admits that the body of Isabelle Broadley Boyle was delivered to him to be prepared for burial, and to be shipped to Newport News, Virginia, for burial there. He admits that the body was removed from the casket that had been selected by the plaintiffs and placed in another casket before shipment to the place of burial, but claims that the substituted casket was a more expensive one, and the subsitution was made because, after taking the original casket to the railroad station, it was discovered that it was too long for the case in which it was to be shipped; that it was impossible to get a longer case box in time to ship the body to Newport News by the train it was to go on, and the best that could be done was to get a shorter casket and place the body therein. The defendant denies that he substituted a cheaper coffin for the one selected by the plaintiffs, or treated the body of Isabelle Broadley Boyle with indignity or in any improper way, and further denies that he was guilty of any wanton, wilful or fraudulent conduct in respect to the body of said deceased, or of any gross negligence in preparing the body for burial and shipment. If there was any negligence, which he denies, he insists it was not gross, inexcusable or in reckless disregard of consequences.

A motion has been made by the defendant for binding instructions, or what is equivalent thereto, which means that the Court shall direct the jury to return a verdict for the defendant, citing the following authorities:

*Thompson v. Pierce*, 95 *Neb.* 692, 146 *N. W.* 948; *Floyd v. Atlantic Ry. Co.*, 167 *N. C.* 55, 83 *S. E.* 12, *L. R. A.* 1915B, 519; *Larsen v. Chase*, 47 *Minn.* 307, 50 *N. W.* 238, 14 *L. R. A.* 85, 28 *Am. St. Rep.* 370; *Mensinger v. O'Hara*, 189 *Ill. App.* 48, 53, 54; *Koerber v. Patek*, 123 *Wis.* 453, 102 *N. W.* 40, 68 *L. R. A.* 956; *Nichols v. Central Vt. R. Co.*, 94 *Vt.* 14, 109 *A.* 905, 12 *A. L. R.* 336; 15 *Ency. Pl. & Pr.*, 527, 528; *Dicey, Parties to Actions, pp.* 329, 330, 335; *Perry, Common Law Pleading, p.* 136; 1 *Chitty's Pl., p.* 55.

This motion is based on what the law terms a misjoinder of parties plaintiff. It is claimed by the defendant that the surviving husband of the deceased and the children of the deceased cannot be legally joined in a case of this kind, because if any one has the right to sue it is the husband, and not the children, during the lifetime of the husband. There is a great deal of confusion in the reported cases and text-books on this point, and particularly the grounds upon which the conclusions are based. We have seen no logical and satisfactory reason for most of the decisions. It is not denied that all of those having an equal right to sue, for example, children of the deceased, might sue jointly, but it has been held that the surviving spouse, husband or wife, has the sole right so long as he or she lives. This claim does not seem to be founded on any legal liability of the husband to bury his deceased wife, nor upon his right to inherit her estate. It seems to be based mainly on the supposed duty of the surviving spouse to bury the deceased, but this right is in the nature of a sacred trust, in the performance of which all are interested who were allied to the deceased by ties of family. And it also appears that the surviving spouse may waive or yield the right, and if neglected, it may be performed by others interested. *L. R. A.* 1915B, 519; 8 *R. C. L.* 686. In the present case the surviving spouse, the husband, joined with the children as a party plaintiff to the suit and in the declaration conceded their

joint right of action. In the case of *Dun v. Smith (Tex. Civ. App.)*, 74 *S. W.* 576, it was held, notwithstanding a plea in abatement, that the husband and children of the deceased were legally joined as plaintiffs, and this is the only case we have seen that appears to be directly in point on the question we are now considering. In the present case it is alleged in the declaration that the husband and children constitute the surviving members of deceased's family; that they had the legal duty and right of burying the deceased, and were entitled to the solace of giving her body a decent and proper burial; that they employed the defendant to properly and decently prepare the corpse of the deceased for burial, in a coffin they had selected, and the price of which was agreed upon with the defendant. These allegations are not denied, and the Court are of the opinion that under the facts and circumstances as now presented, the defendant's motion for an instructed verdict should be refused.

The defendant claims that this action being based upon a claim for mental suffering only, and there being no evidence specifically showing any such suffering, the plaintiffs cannot recover unless the jury are satisfied from the evidence that there was malicious, wanton or wilful misconduct on the part of the defendant, or his servants and employees, in preparing the body of the deceased for burial preparatory to shipment. And the defendant, therefore, contends, and asks the Court to charge, that if the jury shall find from the evidence that the defendant or his employees were guilty of merely negligent conduct, your verdict should be for the defendant.

The Court are of the opinion that this substantially states the law applicable to a case of this kind. As was said in the case of *Dunn v. Smith, supra*:

"In mere negligence there is no intent to offer indignity to, or wound the feelings of another."

And in the case of *Gadbury v. Bleitz*, 133 *Wash.* 134, 137, 233 *P.* 299, 300, 44 *A. L. R.* 425, 427, it was said:

"An examination of" the cases "will show that in nearly every one where recovery was denied it has been upon the ground that the act of the defendant was simply negligent, and was not an act done with the wilful intent to cause the plaintiff to suffer."

■ But it has been laid down as the law, that in case of will-ful or wanton wrongs, and those committed with malice and with an intention to cause mental distress, damages are, as a general rule, recoverable for mental suffering, even without bodily injury, and though no pecuniary damage is alleged or proved. And in general damages for mental anguish and suffering are recoverable where the act complained of was done with such gross carelessness or recklessness as to show an utter indifference to the consequences, as when they must have been in the actor's mind.

■ The defendant also claims that this action being based on mental suffering only, and there being no proof of other injury for which actual compensation would be made, the law permits no recovery, because mere mental pain and anguish are too vague for legal redress, where no injury is done to personal property, health or reputation. The following authorities are cited in support of this proposition:

*Southern Express v. Byers*, 240 *U. S.* 621, 36 *S. Ct.* 410, 60 *L. Ed.* 825, *L. R. A.* 1917A, 197; *Cooley on Torts* (3d Ed.) *pp.* 94, 95; *Nichols v. Central Vt. Ry. Co.*, 94 *Vt.* 14, 109 *A.* 905, 12 *A. L. R.* 333; *Larsen v. Chase*, 47 *Minn.* 307, 50 *N. W.* 238, 14 *L. R. A.* 85, 28 *Am. St. Rep.* 370; *Hall v. Jackson*, 24 *Colo. App.* 225, 134 *P.* 151; *Alexander v. Pacholek*, 222 *Mich.* 157, 192 *N. W.* 652; *Gadbury v. Bleitz*, 133 *Wash.* 134, 233 *P.* 299, 44 *A. L. R.* 425; 17 *C. J.* 831; 8 *R. C. L.* 531; 23 *A. L. R.* 361, 365; *Nail v. McCul-lough & Lee*, 88 *Okl.* 243, 212 *P.* 981; 3 *Ann. Cas.* 136, note.

We cannot accede to this contention.

■ We charge you that if you find from the evidence that the defendant sold to the plaintiffs a certain casket and agreed to prepare the corpse of Isabelle Broadley Boyle for burial, and to deliver the said corpse in said casket to the Pennsylvania Railroad Station at Wilmington for shipment, it was his duty to prepare the said body for decent burial and place it in the casket so sold, and to deliver it to the Pennsylvania Railroad Station at Wilmington for shipment, and if the said corpse was afterwards taken from said casket by either the defendant or his agents and servants, without the authority of the plaintiffs, such removal was a violation of the

right of the plaintiffs to preserve the remains of the said Isabelle Broadley Boyle, and the defendant is liable therefor in damages to the plaintiffs, although none be specifically proved, if the acts complained of were wanton, fraudulent and malicious, or grossly negligent and in reckless disregard of the consequences to the plaintiffs. In such case it is not necessary that evidence be offered by the plaintiffs showing specifically mental anguish and injury to feelings, in order to recover actual damages for such injuries.

In conclusion, gentlemen, we say that this is, as you no doubt have realized, an unusual case, and the Court realize it is one of such nature that we cannot give you the help we would like to give. But we say, in summarizing, and perhaps simplifying what has been said, that if you believe from the evidence that the removal of the body of Isabelle Broadley Boyle from the coffin selected by the plaintiffs, and any other improper treatment of the body by the defendant or his employees shown by the evidence, was negligence or carelessness only, without any intention of wounding the feelings of the plaintiffs, your verdict should be for the defendant, or at the most for nominal damages only, which means six cents.

But if you are satisfied by the greater weight of the evidence that the action of the defendant or his employees in removing the body of the deceased from one coffin to the other, and any other improper treatment of the body of the deceased by the defendant or his employees as shown by the evidence, was not only careless and negligent, but wanton, wilful and fraudulent, or grossly negligent and done in reckless disregard of the consequences to the plaintiffs, your verdict should be in favor of the plaintiffs, and for such sum as you believe from the evidence would reasonably compensate them for any mental pain, anguish and distress they suffered by reason of the improper treatment of the body of the deceased by the defendant or his agents or servants.

Verdict for plaintiffs.