**TUTTLE, Plaintiff-Appellee, v. MEYER DAIRY PRODUCTS CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23898.   Decided November 29, 1956.

Edward S. Racosky, for plaintiff-appellee.
J. Paul Thompson, Alto W. Brown, for defendant-appellant.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, PJ.

The plaintiff in the Municipal Court of Cleveland was the purchaser of a carton of cottage cheese from the defendant company.

After having eaten about three-fourths of the cottage cheese contained in the carton, and while still eating of said cheese, plaintiff encountered a piece of glass by biting thereupon. She immediately expelled said glass from her mouth without being cut or scratched thereby, and, without swallowing any thereof, forthwith developed nausea and suffered nervousness and mental anguish for four days thereafter.

She filed suit for damages because of the alleged negligence of the defendant.

The answer of defendant, after admitting its corporate status, and the delivery to plaintiff of a carton of cottage cheese, denied generally the allegations of the petition.

The cause was tried to a jury, which returned a verdict for plaintiff for $1,500. A judgment upon the verdict was thereafter entered. Motion for a new trial was duly filed and overruled.

This appeal on questions of law presents, as the principal assignment of error, this claim:

"1. That the verdict of the jury upon which the trial court rendered judgment is both contrary to law and the undisputed evidence, as well as contrary to the law of this case."

It is asserted by appellant that the undisputed evidence in this case shows conclusively that plaintiff did not sustain a contemporaneous physi-

cal injury, and that she suffered only fright, apprehension and mental anguish. Concededly, no evidence of wilful or malicious acts is here presented; the only basis for a right of recovery is the claimed negligence of the defendant.

In the case of Miller v. B. & O. Southwestern Rd. Co., 78 Oh St 309. the syllabus states:

"3. No liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of, are neither willful nor malicious."

The above case was followed and approved in Davis v. Cleveland Ry. Co., 135 Oh St 401.

In the cross-examination of plaintiff, in the instant case, the following appears:

"Q. Well, you don't claim that you swallowed any glass, do you?

"A. No, I don't claim that I did, but I didn't know. It was the worrying and shock of not knowing whether you swallowed it or not."

As against the foregoing authorities relied upon by appellant, the appellee cites and relies upon the case of Wolfe v. Great A. & P. Tea Co., 143 Oh St 643, the syllabus of which states:

"1. A jury question is presented as to whether physical injury resulted to plaintiff where the evidence disclosed that immediately after eating a portion of a can of peaches worms were discovered in the remainder thereof and plaintiff thereupon became ill and vomited and continued ill for several days."

The facts in that case, as disclosed by the opinion, were that a mother purchased two cans of peaches from defendant. When the purchaser's daughter opened one of the cans, and mother and daughter had each eaten one serving, upon each taking a second serving from the same can, the mother discovered a worm in a portion of the peach which she was about to eat, and called this fact to her daughter's attention, who thereupon found a worm in the syrup in her own dish. Both immediately became nauseated and began to vomit, which condition continued for several days.

The presence of worms in a can of preserved fruit might justify the jury in finding that the worms contaminated the entire contents of the can, and that eating from any portion of the contents of the can would subject the user to such consequences as the ingestion of such corrupted food might entail. Whether or not those consequences involved physical injury would undoubtedly constitute a question of fact to be resolved by a jury.

In the case under consideration, the presence of a small piece of glass in the cottage cheese would not, ipso facto, contaminate the entire contents of the carton, and, if the glass were removed in its entirety, the contents of the carton would be then perfectly edible.

It is our opinion that the Wolfe case, supra, is completely distinguishable from the Miller v. B. & O. Rd. Co. case, and is in no wise controlling in this case.

It is further our opinion that the record in the case under con-

sideration discloses no contemporaneous physical injury which can serve as a predicate to recovery for the ensuing fright, apprehension and mental anguish which plaintiff claims she suffered.

The judgment will be reversed because contrary to law, and manifestly against the weight of the evidence.

As to the other errors assigned, we find none to have been prejudicial.

This court will, as a matter of law, enter the final judgment for the defendant which the trial court should have entered.

Reversed and final judgment for appellant.

HUNSICKER and DOYLE, JJ, concur.