Howard E. COSGROVE, Margaret M. Cosgrove, and Roberta Cosgrove, Plaintiffs,

v.

Geraldine BEYMER, Defendant.

Civ. A. No. 2847.

United States District Court
D. Delaware.

July 12, 1965.

William Prickett, Jr., Prickett & Prickett, Wilmington, Del., for plaintiffs.

F. Alton Tybout, Wilmington, Del., for defendant.

STEEL, District Judge.

This is an automobile accident case in which Howard Cosgrove claims damages for serious personal injury, Margaret Cosgrove, his wife, alleges loss of consortium and special damages, and Roberta Cosgrove, Howard's twenty-six year old daughter, sues for damages for shock and mental anguish which she allegedly suffered as a result of defendant's negligence.

The defendant has moved for summary judgment as to Roberta Cosgrove's claim.

The sole question for decision is whether a daughter may recover for shock and mental anguish occasioned by witnessing, while herself in the area of danger, injury to her father.

Roberta Cosgrove and her father were walking in the parking lot of a shopping center in New Castle County, Delaware. Defendant was backing her car out of a parking space when she saw Roberta and Mr. Cosgrove. She attempted to apply the brake but the heel of her shoe became caught in the accelerator and the car continued moving backwards. Roberta, who had been walking approximately four feet in front of her father, turned and saw the car coming and saw it strike down her father. The car did not touch her.

After the accident, Roberta was very upset. In her deposition she stated that

since then she has had occasional nightmares; she is uneasy in parking lots and nervous about driving; and she gets upset any time the accident is discussed. Howard and Margaret Cosgrove stated in their depositions that Roberta says, for example, "Watch out!" every time she sees a car in a parking lot, and has on one occasion run after her uncle on a parking lot pulling him away from a car which wasn't even moving.

■ Since jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332 (a) (1), and the accident occurred in Delaware, this Court must apply Delaware law.

There are only three Delaware cases which bear on the question at hand. In Boyle v. Chandler, 3 W.W.Harr. 323, 138 A. 273 (Super.Ct.1927), the Superior Court held that surviving relatives could not recover for mental anguish arising from an undertaker's negligent handling of the body of the deceased, where no physical consequences of such mental suffering were shown. In the unreported case of Williamson v. Wilmington Housing Authority, Del., 208 A.2d 304 (1960), the Court ruled that a mother may not recover for the mental anguish she suffered when she came upon the accident scene and observed her child who had just been injured by a railroad train, the mother herself not having been in the path of danger. The recent case of Robb v. The Pennsylvania R. R., Del., 210 A.2d 709 (1965), was concerned with a plaintiff who jumped from her car, which was stalled due to defendant's negligence on its railroad tracks, just seconds before a train collided with the car. The plaintiff was not touched by the train but she suffered fright and nervous shock which resulted in physical injuries including, among others, cessation of lactation which interfered with her ability to care for her infant child. The Supreme Court held that where negligence causes fright, in one within the immediate area of physical danger from that negligence, which in turn produces physical consequences such as would be elements of damage if a bodily injury had been suffered, the injured party is entitled to recover.

■ Roberta Cosgrove, while admittedly in the area of danger, suffered shock and mental anguish at seeing her father hit by a car.[1] This precise factual situation has never come before a Delaware court, and the law elsewhere, where bodily harm results from the shock, is in conflict as to whether to allow recovery. Hambrook v. Stokes Bros. [1925] 1 K.B. 141; Bowman v. Williams, 164 Md. 397, 165 A. 182 (1933); Frazee v. Western Dairy Products Co., 182 Wash. 578, 47 P.2d 1037 (1935); cf. State To Use and Benefit of Gaegler v. Thomas, 173 F.Supp. 568 (D.Md.1959), have allowed recovery, and Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959); Lessard v. Tarca, 20 Conn. Super. 295, 133 A.2d 625 (1957); Klassa v. Milwaukee Light Co., 273 Wis. 176, 77 N.W.2d 397 (1956) have denied recovery. The authorities are in agreement, however, that where negligent conduct results *only* in emotional disturbance no bodily injury or sickness being present, there can be no recovery. For example, in Robb v. The Pennsylvania R. R., supra, the Court stated "it is accepted as settled that there can be no recovery for fright alone, not leading to bodily injury or sickness, arising from the negligence of another. See Boyle v. Chandler, supra; 2 Harper and James, The Law of Torts, p. 1031; 64 A.L.R. 2d 100, 115, et seq." See Restatement (Second), Torts § 436A (Tent.Draft No. 9, 1963); Prosser, Law of Torts 348 (3d Ed. 1964).

The reasons for the distinction between emotional disturbance resulting in bodily harm and emotional disturbance which does not, are usually stated to be three-fold:

(1) Emotional disturbance which is not so serious as to have physical conse-

---

1. It should be noted that she does not claim the shock and anguish resulted from fear for her own physical safety.

quences, is normally in the realm of the trivial. It is likely to be so temporary, so evanescent, and so relatively harmless, that the task of compensating for it would undoubtedly burden the Courts and defendants;

(2) In the absence of the guarantee of genuineness provided by resulting bodily harm, such emotional disturbance is too easily feigned, depending as it must, very largely upon the subjective testimony of the plaintiff; and to allow recovery would open too wide a door for false claimants;

(3) Where a defendant has been merely negligent, his fault is not so great that liability should be imposed for a purely mental disturbance. 2 Harper and James, supra; Restatement (Second), Torts, supra.

This rule denying recovery for emotional disturbance only includes such disturbances as fright, nervous shock and grief. This is true even though these are accompanied by physical manifestations such as dizziness, mild headaches, nervousness and the like, as long as they do not result in bodily harm. Monteleone v. Cooperative Transit Co., 128 W.Va. 340, 36 S.E.2d 475 (1945); Tuttle v. Meyer Dairy Products Co., 138 N.E.2d 429 (Ohio App.1956); Restatement (Second), Torts, supra.

■ According to the undisputed facts, plaintiff, since witnessing the injury to her father, has complained of occasional nightmares, of becoming upset when discussing the accident, and of getting nervous when in parking lots and driving. She alleges no physical consequences of these emotional disturbances and has received no treatment for either emotional or physical disabilities. It is understandable that plaintiff was shocked and anguished at what she saw. But this is not compensable under general tort law. A Delaware Court would probably so hold under the facts of this case in light of this general law, their prior pronouncements, and the sound reasons for the general rule denying recovery.

The motion for summary judgment as to Roberta Cosgrove's claim will be granted.