DALEY *v.* LaCROIX.

1. NEGLIGENCE—DAMAGES—EMOTIONAL HARM—PHYSICAL INJURY.
   Damages will not be awarded for emotional or mental disturbance, not intentionally or recklessly caused, without an accompanying physical injury.

2. SAME—EMOTIONAL HARM—DIRECTED VERDICT.
   Directed verdict for defendant in action to recover damages for personal injuries where defendant's automobile sheared off a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 1 *et seq.*
Right to recover for emotional disturbance or its physical consequences, in the absence of impact or other actionable wrong. 64 ALR2d 100.
[3] 5 Am Jur 2d, Appeal and Error § 553 *et seq.*

utility pole and snapped high voltage electric line which struck electric lines leading into plaintiffs' home causing an electrical explosion, resulting in emotional disturbance of plaintiffs *held*, proper where trial record failed to establish physical injury to plaintiffs or to show that defendant intentionally or recklessly caused their emotional or mental disturbance.

3. APPEAL AND ERROR—REOPEN PROOFS—MOTION.

Court of Appeals will not review assertion that trial court abused its discretion in refusing to allow plaintiffs to reopen their proofs where record discloses no motion at trial to reopen.

Appeal from Macomb, Carroll (Howard R.), J. Submitted Division 2 May 6, 1968, at Lansing. (Docket No. 3,685.) Decided August 27, 1968. Rehearing denied October 8, 1968. Leave to appeal granted March 3, 1969. 381 Mich 805.

Complaint by Estelle Daley, Leonard H. Daley, and Timothy Daley, by his next friend Leonard H. Daley, against Charles LaCroix for personal injuries. Directed verdict for defendant. Plaintiffs appeal. Affirmed.

*Soma & Oster*, for plaintiffs.

*Arthur W. Mitchell*, for defendant.

QUINN, J. Plaintiffs filed this action to recover damages for personal injuries to Estelle and Timothy Daley and property damage resulting from the alleged negligence of defendant. At trial, defendant's motion for directed verdict as to the personal injury claims was granted and plaintiffs appeal.

July 16, 1963, defendant's motor vehicle left the highway in the vicinity of plaintiffs' home and

sheared off a utility pole which caused some high voltage electric lines to snap. The latter struck electric lines leading into plaintiffs' home causing great electrical explosion and considerable property damage. Plaintiffs claimed that as a result of the shock of the blast and the explosion and the attendant circumstances, Estelle Daley suffered traumatic neurosis, emotional disturbance, and nervous upset and Timothy Daley suffered emotional disturbance and nervousness. These were the personal injury claims disposed of by directed verdict.

Plaintiffs raise 4 questions for review, but we deem one dispositive of this appeal and proceed to it first. Plaintiffs state this question as follows:

"Considering the evidence in the light most favorable to the plaintiffs upon a motion for directed verdict, was competent evidence offered which would have afforded the jury a sufficient basis upon which to find causation or inferences of causation between the accident and injury claimed?"

We believe this question is more accurately stated as follows:

Absent a showing of physical injury caused by defendant's negligence, may damages be awarded for emotional or mental disturbance not intentionally or recklessly caused in a personal injury action under the law of Michigan?

An examination of Michigan authority convinces us the answer to the question is no. See *Nelson* v. *Crawford* (1899), 122 Mich 466, *Ellsworth* v. *Massacar* (1921), 215 Mich 511, *Alexander* v. *Pacholek* (1923), 222 Mich 157, *Manie* v. *Matson Oldsmobile-Cadillac Company* (1966), 2 Mich App 315. 64 ALR 2d 100 indicates many other jurisdictions follow the Michigan rule. See also *Amaya* v. *Home Ice, Fuel*

*and Supply Company* (1963), 59 Cal 2d 295 (29 Cal Rptr 33, 379 P2d 513).

A review of the trial record fails to disclose facts establishing physical injury to Estelle and Timothy Daley, nor does it appear that defendant intentionally or recklessly caused their emotional or mental disturbance. Such review also fails to disclose facts from which any of the foregoing criteria may be inferred. No jury question was presented and the directed verdict was proper.

Plaintiffs' assertion that the trial court abused its discretion in refusing to allow them to reopen proofs is not reviewable on this record which discloses no motion to reopen.

In view of our answer to the first question, anything we write on plaintiffs' 2 other questions would be dictum.

Affirmed with costs to defendant.

LESINSKI, C. J., and MOODY, J., concurred.