RAUHE *v.* LANGELAND MEMORIAL CHAPEL

1. NEGLIGENCE — EMOTIONAL DISTRESS — PHYSICAL CONTACT — "IMPACT RULE".

   A plaintiff, in a properly pleaded and proved action, may recover damages for a definite and objective physical injury produced as a result of emotional distress proximately caused by the defendant's negligent conduct, notwithstanding the absence of any physical impact upon the plaintiff at the time of the mental shock; the rule that recovery for mental disturbance will not be allowed unless there was an accompanying physical impact on the plaintiff is no longer the law in this state.

2. NEGLIGENCE—EMOTIONAL DISTRESS—PHYSICAL CONTACT—EFFECTIVE NEW DATE OF RULE.

   A plaintiff may recover damages for a definite and objective physical injury produced as a result of emotional distress proximately caused by the defendant's negligent conduct, notwithstanding the absence of any physical impact upon the plaintiff at the time of the mental shock where the trial or appeal occurs after September 23, 1970.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 November 12, 1970, at Grand Rapids. (Docket No. 8746.) Decided February 18, 1971.

Complaint by Marie Coburne Rauhe against Langeland Memorial Chapel for personal injuries as a result of emotional distress. Summary judg-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 13 *et seq.*

Right to recover for emotional disturbance or its physical consequences, in the absence of impact or other actionable wrong. 64 ALR2d 100.

ment for defendant. Plaintiff appeals. Reversed and remanded for trial on the merits.

*Troff, Lilly, Bonow, Piatt & File* (by *Ross F. Stancati*), for plaintiff.

*Wise, Early, Starbuck & Lennon,* for defendant.

Before: T. M. Burns, P. J., and R. B. Burns and Munro,* JJ.

Munro, J. Plaintiff brought this action in the trial court for damages claiming extreme and prolonged anguish, pain and a resulting heart condition allegedly caused by defendant's willful, fraudulent, and wanton acts concerning the disposition of plaintiff's deceased son's body.

Prior to his death plaintiff's son entered into certain agreements with the University of Michigan Medical School to donate his body for research. It was his desire that the body be transported to the university at Ann Arbor by ambulance. This fact was allegedly made known to the plaintiff, to the defendant, and to the DeLong Ambulance Service. Contrary to those wishes, the body was shipped by train in spite of the plaintiff's direct request to use an ambulance and, in fact, in spite of the plaintiff's request to get the body off the train after plaintiff discovered the body was being shipped by train. Plaintiff was unable to locate her son's body for almost three days, which she alleges caused the mental and physical disabilities which formed the basis of her action.

The defendant filed a motion for summary judgment which was granted; the trial court also denied the plaintiff's motion for rehearing from which the plaintiff appeals.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The single issue here is: Can the plaintiff recover for injuries produced by emotional distress proximately caused by defendant's negligence without accompanying physical impact?

Recovery for mental disturbance caused by a defendant's negligence but without accompanying physical injury or physical consequences or any independent basis for tort liability has been for years generally denied in Michigan. *Nelson* v. *Crawford* (1899), 122 Mich 466; *Alexander* v. *Pacholek* (1923), 222 Mich 157; and *Manie* v. *Matson Oldsmobile-Cadillac Company* (1966), 2 Mich App 315. These cases and others established in Michigan the so-called "impact rule" relating to emotional distress. At the time the learned trial judge considered this matter and granted summary judgment, this was the rule in Michigan.

This long-standing rule, however, has been recently overruled by the Michigan Supreme Court in *Daley* v. *LaCroix* (1970), 384 Mich 4, 12, where the Court in part held:

"We conclude that the 'impact' requirement of the common law should not have a continuing effect in Michigan and we therefore overrule the principle to the contrary contained in our previous cases.

"We hold that where a definite and objective physical injury is produced as a result of emotional distress proximately caused by defendant's negligent conduct, the plaintiff in a properly pleaded and proved action may recover in damages for such physical consequences to himself notwithstanding the absence of any physical impact upon plaintiff at the time of the mental shock."

It remains then to determine whether or not the *Daley* case is to be applied prospectively or retrospectively. In that regard the Supreme Court stated in *Daley* (p 14): "[W]e are persuaded to hold

that the new rule applies to all pending and future cases as in *Bricker* v. *Green* (1946), 313 Mich 218", and, in addition, Justice DETHMERS, who concurred in the majority opinion, wrote, relative to the retrospective application of the rule announced by the Supreme Court in *Daley* (p 17):

"This does not limit the applicability of this decision to cases in which the cause of action accrues after the date of filing this decision, but includes all cases in which trial or appeal occurs after that date."

We hold that this is a pending appeal within the meaning expressed by the Supreme Court and adopt the retrospective application rule as stated.

We reverse the trial court's summary judgment, requiring a hearing on the merits, and remand this matter to the trial court for action not inconsistent with this opinion and in accordance with the decision of the Supreme Court in the *Daley* case.

No costs to either party, a settled rule of law having been overturned by the Supreme Court.

All concurred.