RAUHE v LANGELAND MEMORIAL CHAPEL, INC

DEAD BODIES—DONATED BODIES—EMOTIONAL DISTRESS—STATUTES.

Under the former statute governing the donation of dead human bodies, the next of kin did not have an action for breach of duty in either contract or tort to recover for injuries produced by emotional distress caused by negligence in the final transportation and disposition of a donated dead body where the next of kin had expressed a desire not to have a funeral or other last rite and consequently had relinquished control over the body (MCLA 328.254).

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted Division 3 June 8, 1972, at Grand Rapids. (Docket No. 13029.) Decided January 17, 1973. Leave to appeal denied, 389 Mich 810.

Complaint by Marie Coburne Rauhe against Langeland Memorial Chapel, Inc., for damages for personal injuries as a result of emotional distress. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Troff, Lilly, Piatt, File & Doyle* (by *Ross F. Stancati),* for plaintiff.

*Early, Starbuck & Lennon,* for defendant.

Before: R. B. BURNS, P. J., and LEVIN and TARGONSKI,* JJ.

TARGONSKI, J. The principal issue in this appeal is whether the trial court committed error in

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Dead Bodies §§ 5, 11, 29, 30.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

granting summary judgment to the defendant after being directed by the Court of Appeals in a prior appeal to require a hearing upon the merits of the case.

Prior to his death, plaintiff's son entered into certain agreements with the University of Michigan Medical School to donate his body for research. It was his desire that the body be transported to the university in Ann Arbor by ambulance. This fact was allegedly made known to the plaintiff, to the defendant, and to the DeLong Ambulance Service. Contrary to those wishes, the body was shipped by train in spite of the plaintiff's direct request to use an ambulance. In fact, plaintiff made request to get the body off the train after she discovered it was being shipped by train. Plaintiff was unable to locate her son's body for almost three days, which she alleges caused the mental and physical disabilities which form the basis of her action.

On remand for a trial on the merits after a prior appeal, the trial court permitted the plaintiff to file an amended complaint. The defendant filed a motion for summary judgment after the filing of the amended complaint. The trial court granted defendant's motion for summary judgment and the plaintiff appeals.

In the first appeal, *Rauhe v Langeland Memorial Chapel,* 30 Mich App 665 (1971), the Court of Appeals decided a single issue, that plaintiff can recover for injuries produced by emotional distress proximately caused by defendant's negligence without accompanying physical impact. *Daley v LaCroix,* 384 Mich 4 (1970).

The donation of the son's body to the University for research was made pursuant to MCLA 328.254; MSA 14.523 (4). This statute provides:

"Upon the death of the donor, the donee or his agent may claim the body * * * . If the entire body is given, it shall not be delivered to the donee or his agent until after the surviving spouse or next of kin has had an opportunity to provide a funeral service or other last rites for the deceased."

The plaintiff in this case elected not to have a funeral service conducted. Plaintiff, however, contends that she had certain rights with regard to her son's body. She hired the defendant to take care of the matter and gave instructions to the defendant with reference to the final transportation and disposition of the body. However, such instructions were disregarded by the defendant.

Plaintiff, in paragraph 12 of her amended complaint, said as follows:

"12. That at that time, although the defendant representative (DeLong Ambulance) indicated he would take care of everything, plaintiff is now informed and believes that he did not know what her wishes were and that in fact he assumed a great deal which was not true."

Defendant contends that there was no agreement that the body would be taken to Ann Arbor by ambulance but rather a unilateral understanding on the part of the plaintiff. There was insufficient persuasive evidence to establish an actionable contract between the parties. There was no meeting of the minds or mutuality.

The "body" statute, as judicially interpreted by the courts, creates tort liability for certain specified interferences with the corpse. These include interference with the funeral, mutilation or unauthorized autopsy, and disturbance of or disinterment of the body.

The plain language of the statute states unequivocally:

"If the entire body is given, it shall not be delivered to the donee or his agent until after the surviving spouse or next of kin has had an opportunity to provide a funeral service or other last rites for the deceased."

The only statutory control over the body given to the next of kin is for a funeral service or other last rite. The language is unambiguous and the legislative intent has been clearly expressed. When the next of kin, as in this case, expresses a desire not to have a funeral or other last rite and the body has departed from her possession and is in the process of being transported to the donee by legitimate means, there is no statutory provision continuing control and direction of the body in the next of kin. Since we cannot read into the statute that which isn't there, it is impossible to hold that the plaintiff has an action for breach of duty in either contract or tort. She could have maintained control over the body only for the purpose of having a funeral or other last rites. She clearly expressed a desire not to have a final ceremony and consequently relinquished control over the body. This divested her of any further right or authority to say how or in what manner the body should be delivered to the donee. Thus, she has no standing to maintain an action in tort for damages. There are no questions of fact concerning the means or mode of transportation, the exact destination, or the causing of mental anguish.

This interpretation of the "body" statute forecloses plaintiff's claims of material issues of fact for jury consideration either in contract or tort. Thus, we conclude that summary judgment under GCR 1963 117.2 was proper under the facts and did not constitute reversible error.

The prior appeal did not mandate a trial on the merits. It required of the trial court only that plaintiff be given an opportunity for a hearing on the merits assuming that her complaint set forth a proper cause of action. It did determine that an action for mental anguish, absent a physical impact, would lie under *Daley v LaCroix, supra.*

The misrepresentations by the defendant agent that the body had already been shipped, the loss of the body, and the failure to recognize plaintiff's request for a certain mode of transportation of the body were reprehensible but not compensable or actionable under the facts of this case and the law of this state. We deem that the defendant's conduct in this case with respect to the disposition of the body was inhumane, insensitive, and totally lacking in good taste. However, this is a situation that can only be corrected by legislative enactment and not by judicial fiat.

Affirmed.

R. B. BURNS, P. J., concurred.

LEVIN, J., concurred in the result.