REQUESTED BY: Senator Nancy Thompson, Legislative District 14
QUESTION: If the Legislature Were to Grant Rights to A Domestic Partner to Donate Organs of a Decedent and Control the Disposition of a Decedent's Remains, Would Such Law Be Constitutional?
CONCLUSION: Not As Drafted.
In response to concerns that a union of partners of the same sex may be considered lawful marriage in certain states and that the Full Faith and Credit provision of the U.S. Constitution may make it incumbent upon Nebraska to recognize it as a lawful marriage if the partners were to move to this state, the voters adopted Initiative Measure No. 416, amending the Nebraska Constitution to make it clear that only marriage between a man and a woman is to be valid or recognized in this state. Neb. Const. Art. 1, § 29 (2000). According to the second sentence of the amendment, no legal recognition is to be accorded to the union of two persons of the same sex, regardless of whether one uses the word "marriage" or attaches some other label to the relationship, such as "civil union" or "domestic partnership." The Nebraska Supreme Court has not addressed this recent addition to Article 1, so our discussion is without the aid of the court's thoughts on the meaning and reach of this constitutional provision.
You have indicated that a constituent has asked you to introduce legislation which would vest in a "domestic partner" the same rights as a surviving spouse with regard to the disposition of the deceased person's remains and the making of anatomical gifts of all or part of the decedent's body. For purposes of such legislation, a domestic partner would be defined as "a person who was in a committed relationship with the deceased person." It was not required that the partners be of the same sex, but partners of the same sex were not disqualified, either.
Examples of factors which could be relied upon as indicia of such a relationship were listed. Those factors included the duration of the relationship, joint ownership of property, joint lease or rental agreements, joint obligations on a loan, joint bank account or credit card, household bills with both names, designation of each other as beneficiaries on life insurance policies, retirement benefits, or wills, designation of each other as personal representative or power of attorney for health care, and receipt of domestic partner benefits from an employer.
You have asked about the constitutionality of the suggested legislation in light of Neb. Const. Art., 1 § 29.
The draft legislation did more than indicate that a domestic partner was one who could be consulted as one who likely would have information as to the deceased partner's wishes with regard to disposition of his or her remains. It would amend Neb. Rev. Stat. § 71-1339 (Cum. Supp. 2002), to give the domestic partner the same rights as a surviving spouse to control and direct the disposition of the decedent's remains; a right that is given priority to the rights of the decedent's children, parents, or siblings. Traditionally, this was a right reserved to the surviving spouse and, if none, to the next of kin. Thompson v. Pierce,95 Neb. 692, 146 N.W. 948 (1914). Also, the draft legislation would revise Neb. Rev. Stat. § 71-4802 (Cum. Supp. 2002), a section within the Uniform Anatomical Gift Act, to permit a domestic partner to donate all or part of the decedent's body unless there was actual notice that the decedent had indicated this would be against his or her will. The domestic partner's wishes would take precedence over the protests of all members of the decedent's family, except for that of a surviving spouse.
As may be seen, such legislation would create new rights which spring from recognition of a domestic partnership; a partnership which could comprise same sex couples. And the rights being created are placed on the same plane as rights which arise as a consequence of the marital relationship. This would be giving legal effect to a same sex relationship, thereby validating or recognizing it, which runs counter to Art. 1, § 29.
Sincerely,
JON BRUNING
Attorney General
Mark D. Starr
Assistant Attorney General
Approved:
_____________________________
Attorney General
cc: Patrick O'Donnell
Clerk of the Legislature
26-336-21