TEASLEY v. THOMPSON.

4-6871                                    165 S. W. 2d 940

Opinion delivered November 23, 1942.

*Zal B. Harrison, G. W. Barham* and *J. Graham Sudbury,* for appellant.

*Percy A. Wright,* for appellee.

HOLT, J. Grace Thompson, appellee, was the mother of Inez Nelson Cabe, wife of Jim Cabe. Inez Cabe died June 6, 1940, in the home of her mother in Luxora, Arkansas.

September 9, 1940, Grace Thompson sued appellants, undertakers, alleging in her complaint, that appellants, by false representations, had secured the body of her deceased daughter for burial and had unlawfully retained possession for a period of seven days, over appellee's protest; that during this time the body deteriorated and was mutilated while in appellant's possession, and that she was deprived of the opportunity to give her daughter's body a Christian burial, and there was a prayer for damages. Appellants answered with a general denial and specifically pleaded as a defense an earlier suit filed by appellee as being *res judicata* of the issues in the present suit. Appellants also filed a cross-complaint in which they sought judgment for $40 for services alleged to have been rendered in removing the body from appellee's home and preparing it for burial. A jury trial resulted in a verdict for appellee in the amount of $140 and for appellants on their cross-complaint in the amount of $40. This appeal is from the judgment awarded appellee. There is no appeal from the judgment on the cross-complaint.

For a reversal, appellants contend, first, that appellee, Grace Thompson, was not the proper party to bring the suit; second, that the issues here were decided in

an earlier suit between the same parties and that their plea of *res judicata* should have been sustained, and, third, that there was error in giving and in refusing to give certain instructions.

Appellants' first contention that appellee was not the proper party to bring the suit can not be sustained for two reasons.

(1) The facts are that appellants did not raise this point either by demurrer or in their answer. During the trial of the cause, after the testimony of the parties had been concluded and while the court was instructing the jury, appellants for the first time questioned appellee's authority to bring the suit.

The rule is well settled that the question of defect of parties must be raised either by special plea or in the answer, and that it is too late to attempt to raise this question at the end of the trial, as in the instant case. In *Tipton* v. *Phillips*, 176 Ark. 308, 4 S. W. 2d 507, this court said: "The question of defect of parties was not raised by the appellant in its answer, nor by special plea for that purpose. A defense of defect of parties should be raised by answer or by special plea to that effect at the beginning and not at the end of a lawsuit." Section 1411, Pope's Digest, provides: "The defendant may demur to the complaint where it appears on its face that the plaintiff has not legal capacity to sue," and § 1414 contains this provision: "When any of the matters enumerated in § 1189 (§ 1411, Pope) do not appear upon the face of the complaint, the objections may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

We are also of the opinion that appellee, on the facts presented, was the proper party to bring the suit. While it appears that appellee's daughter, Inez Nelson Cabe, was married at the time of her death, she had spent the greater part of the last year of her life in the

home of her mother. During her last illness she was in her mother's home and was administered to and provided for by her mother. During all of her illness, which resulted in her death, her husband manifested not the slightest interest in his wife's welfare, made no inquiry or provisions for her, did not visit her and in fact there was no evidence in this record that he even attended the funeral. Under these circumstances we think it clear that the husband, as surviving spouse, waived any rights to custody, burial and other legal disposition of his wife's body, that he may have had. The general rule as to the rights of the surviving spouse is stated in American Jurisprudence, vol. 15, p. 834, § 9, in this language: "It is generally conceded that on the death of a husband or a wife, the primary and paramount right to possession of the body and to control the burial or other legal disposition thereof is in the surviving spouse, . . . The right of a surviving spouse to control the burial is dependent on the peculiar circumstances of each case, and may be waived by consent or otherwise," and in footnote 11, in support of the text, the author says: "Where the wife is not living with her husband at the time of his death or neglects or refuses to assume the trust incident to her right, a waiver of that right is implied and the right and duty immediately descends to the next of kin present and acting. In the case of a dead body needing burial, the right of the spouse must be promptly asserted, or the right to possession of the body for the purposes of interment will be held to have been waived in favor of the next of kin. *Southern L. & Health Ins. Co.* v. *Morgan,* 21 Ala. App. 5, 105 So. 161 (writ of certiorari denied in 213 Ala. 413, 105 So. 168) citing R. C. L." In the opinion in the Morgan case it is said: "From a reading of all the decisions from the American courts, it seems to be the law: (1) A dead body is not property in the common commercial sense of that term, and subject strictly to the laws of descent and distribution; (2) that the person having charge of a dead body for burial is in the exercise of a sacred trust for all who may, from family ties or friendship, have an interest in the remains; (3) that the right of possession for burial is a

legal right coupled with certain duties which the court will protect and that an unlawful interference with these rights is a basis for suit for damages; (4) that, in case of a husband and wife, the right of possession is in the surviving spouse, provided the husband and wife were living together at the time of the demise; (5) that the absence of the spouse, or his or her failure or refusal to act, has the effect of transferring the right of custody and duty of trusteeship to the next of kin in succession. (1) (2) (3) (4), *supra,* are, we think, supported by the weight of authority in the adjudicated cases. (5) is based upon the traditions, customs, and the necessities incident to a proper respect for the dead and the case of *Wright* v. *Hollywood Cem. Corp.,* 112 Ga. 884, 38 S. E. 94, 52 L. R. A. 621. . . . The dead man had been living with his father as a member of the family for some months before his death. Though he was sick and died, his wife never came or communicated or showed any interest in him. It therefore seems certain that they were not living together, and, if not legally separated, the facts would disclose a waiver of any rights as to the custody of the body which she may have had."

(2)  Appellants' contention that an action brought by appellee prior to the institution of the present suit is *res judicata* of the issues here, we think is untenable. On this point the record reflects that on June 12, 1940, prior to the institution of the instant suit on September 9, 1940, appellee filed in the circuit court for the Chickasawba district of Mississippi county a "petition for injunction" against appellants, asking that they be enjoined from further interference with appellee's right to the custody of the body of her deceased daughter for the purpose of preservation and burial. No summons was issued on this petition. No response or answer was filed by appellants. No issues were joined. No testimony was heard, but on the same day the petition was filed the court made the following order: "Order of injunction. To the Teasley & Cobb Undertaking Co.: You are hereby enjoined from any and all further interference in the right of the plaintiff herein to the custody of the body of the plaintiff's deceased daughter and from any and all

further interference in the proper Christian burial of the same. Witness my hand and seal of this court this the 12th day of June, 1940. Neil Killough, Judge.'' This order was placed in the hands of the sheriff and served on appellants and the body of appellee's deceased daughter was turned over to appellee in compliance with the order. No further proceedings were had until the filing of the present suit almost three months later.

From the record, therefore, it is clear that the issues joined in the present suit were not raised in the injunction proceedings, *supra,* and no issues were tried in that action. In fact appellants were not even in court in the injunction proceedings since they were never summoned and did not appear.

Before appellants may successfully sustain the defense, that the former injunctive proceedings between the parties here were *res judicata* of this action, it is essential that they show that the parties and the issues in both actions were the same. Clearly, appellants have failed to make this showing.

(3) Finally, appellants argue that the trial court erred in refusing a certain instruction requested by appellants and in giving another at the request of appellee. We think it can serve no useful purpose to set out these instructions here. It suffices to say that after a careful examination of them it is our opinion that no error appears in this connection.

Finding no error, the judgment is affirmed.