**STEAGALL et al. v. DOCTORS HOSPITAL, Inc., et al.**

No. 9802.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1948.

Decided Dec. 20, 1948.

Mr. John F. Hillyard, of Washington, D.C., for appellants.

Mr. John H. Burnett, of Washington, D.C., with whom Mr. Charles W. Arth, of Washington, D.C., was on the brief, for appellee Doctors Hospital.

Mr. Richard E. Wellford, of Washington, D.C., was on the brief for appellees Oscar B. Hunter, Jr., and Oscar B. Hunter, Sr.

Mr. H. Mason Welch, of Washington, D.C., also entered an appearance for appellees Oscar B. Hunter, Jr., and Oscar B. Hunter, Sr.

Mr. Michael J. Keane, Jr., of Washington, D.C., was on the brief for appellee Joseph O'Hanlon. Mr. Morton Harrison Wilner, of Washington, D.C., also entered an appearance for appellee Joseph O'Hanlon.

Mr. Arthur F. Carroll, Jr., of Washington, D.C., was on the brief for appellees Deal Funeral Home, Inc., and Walter W. Deal.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court in a civil action for damages for performance of an unauthorized autopsy. Plaintiffs were the widow and two adult sons of the deceased. The trial court dismissed the claims of the sons, upon the ground that the widow had the sole right of action. The sons appeal.

While this is a case of first impression in this jurisdiction, the question is well settled by a great weight of authority in this country. The leading case is Larson v. Chase,[1] with the reasoning and conclusion of which we agree. Other cases with decisions or expressions of opinion to like effect are cited below.[2] We think it unnecessary to repeat here the discussion to be found in those reports. The controlling principle is that there exists in our law a right to possess, preserve and bury, or otherwise to dispose of, a dead body; that the right belongs to the surviving spouse, if any, living in the normal relation of marriage, and, if none such, then to the next of kin in the order of their relation to the decedent; and that violation of that right is a tort. It follows that in the case at bar the widow had the sole right of action. Able counsel for appellants cites several cases to the contrary, and we have examined those authorities with care, but we think that the conclusions therein reached rested upon circumstances peculiar to the cases and not upon a contrary view of the principle here involved. In so far as those cases may have rested upon that contrary view, we think that they are not in accord with the better line of reasoning or with the great weight of authority.

The judgment of the District Court is

Affirmed.

---

[1] 1891, 47 Minn. 307, 50 N.W. 238, 14 L.R.A. 85, 28 Am.St.Rep. 370.

[2] Travelers Ins. Co. v. Welch, 5 Cir., 1936, 82 F.2d 799; Aetna Life Ins. Co. v. Lindsay, 7 Cir., 1934, 69 F.2d 627; Gahn v. Leary, 1945, 318 Mass. 425, 61 N.E.2d 844; Teasley v. Thompson, 1942, 204 Ark. 959, 165 S.W.2d 940; Simpkins v. Lumbermens Mut. Casualty Co., 1942, 200 S.C. 228, 20 S.E.2d 733; Alderman v. Ford, 1937, 146 Kan. 698, 72 P.2d 981; Pollard v. Phelps, 1937, 56 Ga.App. 408, 193 S.E. 102; Gostkowski v. Roman Catholic Church of the S. H. of J. and M., 1933, 262 N.Y. 320, 186 N.E. 798 (two cases); Streipe v. Liberty Mut. Life Ins. Co., 1932, 243 Ky. 15, 47 S.W.2d 1004; Thompson v. Pierce, 1914, 95 Neb. 692, 146 N.W. 948; Pettigrew v. Pettigrew, 1904, 207 Pa. 313, 56 A. 878, 64 L.R.A. 179, 99 Am.St.Rep. 795; Hackett v. Hackett, 1893, 18 R.I. 155, 26 A. 42, 19 L.R.A. 558, 49 Am.St.Rep. 762. See also Notes and Comment, 19 Corn.L.Q. 108 (1933).