366 So.2d 126 (1979)
The ESTATE OF Essie C. HARPER by Glenda H. Jackson, Personal Representative, and Glenda H. Jackson, Shelby Mitchell, Donna Earwood, Bobby Ray Harper, Edward E. Harper and Randy D. Harper, Appellants,
v.
ORLANDO FUNERAL HOME, INC., d/b/a Bray-Altman Funeral Home, Orange State Casket Company, Inc., the Lumbermens Mutual Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Appellees.
No. GG-60.
District Court of Appeal of Florida, First District.
January 9, 1979.
Rehearing Denied January 31, 1979.
*127 Wilmer H. Mitchell, of Mitchell & Oberhausen, Pensacola, for appellants.
J. Robert Hughes, of Barron, Redding, Boggs & Hughes, Panama City, and William L. Lee, Jr., of Shell, Fleming, Davis & Menge, Pensacola, for appellees.
BOYER, Acting Chief Judge.
We here review a Final Judgment of the learned trial judge finally dismissing a complaint.
The plaintiffs are the children of Essie C. Harper deceased and plaintiff Glenda H. Jackson is also the duly appointed personal representative of the decedent's estate. Suit was filed by plaintiffs against the defendants because the casket manufactured by Orange State Casket Company and sold by Orlando Funeral Home to plaintiffs to be used incident to the burial of Essie C. Harper commenced falling apart as the body was being carried from the hearse to the grave. The complaint alleges that by supreme effort the pallbearers and the staff of the funeral directory were able to transport the casket and the body to the grave even though the bottom of the casket had come completely loose and was sagging downward several inches. Plaintiffs sought damages under Count I for tortious interference with rights involving a dead human body; under Count II for intentional infliction of emotional distress; under Count III for breach of an implied warranty of merchantability; under Count IV for breach of an implied warranty of fitness; under Count V in strict liability; and under Count VI for punitive damages. The trial court without opinion dismissed the amended complaint for failure to state a cause of action upon which relief could be granted and thereafter entered the final judgment here appealed.
*128 Plaintiffs maintain that the foreseeably sickening consequences of a casket falling apart should be compensable in civilized societies. On the other hand, defendants contend that damages for mental pain and suffering are not recoverable absent physical impact unless plaintiffs fall within the narrow exception to the impact doctrine by alleging conduct exceeding all bounds reasonably tolerated by society such as to imply malice or the entire want of care or great indifference, which they have not and cannot do.
Because the "impact doctrine" is still the law in this state we reluctantly agree with defendants as to recovery for mental pain and suffering, being of the view, however, that the doctrine should be re-examined.
Other state courts have recognized that the reasons given to support the impact rule are no longer viable. For example, in rejecting the impact requirement in cases where negligent infliction of emotional distress has "resulted in serious physical manifestations", the Colorado Supreme Court has stated:
"Traditionally, a number of rationales have been offered in support of the impact rule. It has been argued that emotional damages are simply too speculative, and the possibility of fraudulent claims too high, to permit naked claims of emotional distress. In recent years, however, the medical profession has made tremendous advances in diagnosing and evaluating emotional and mental injuries. While psychiatry and psychology may not be exact sciences, they can now provide sufficiently reliable information concerning causation and treatment of psychic injuries, to provide a jury with an intelligent basis for evaluating a particular claim. In this light, we are confident that juries are capable of assessing whether a claim is concocted and fictitious or, in fact, real." (Towns v. Anderson, 579 P.2d 1163, 1164 (Colo. 1978)).
The defendant Orlando Funeral Home contracted with the plaintiffs to provide a casket suitably designed and constructed for the burial of the deceased person the size and weight of Essie C. Harper. It was reasonably foreseeable by both Orlando Funeral Home and Orange State Casket Company that because of the inadequate and defective construction of the coffin for the purposes intended that the casket would not hold plaintiffs' mother; that the casket would fall apart while plaintiffs' mother was in it; and that this might happen before plaintiffs' mother was buried and while plaintiffs and friends were watching. For their conduct the defendants should be required to answer for the injury resulting to plaintiffs' feelings as well as to their purse, provided that the injury be the natural and direct consequence of the acts complained of. (cf. Wadsworth v. Western Union Telegraph Company, 86 Tenn. 695, 8 S.W. 574 (Tenn. 1888).)
Holding, as we must, that defendants are not liable in this case for the wrong and injury done to the feelings and emotions of the plaintiffs disregards the rights of plaintiffs to contract for a suitable burial for their mother and necessarily disregards the rule that every wrong must be remedied by appropriate damages. If society and the courts continue to refuse an adequate remedy at law for plaintiffs such as these, they will be encouraged to resort to self help, perhaps even violence. In our view that is not a desirable result. Nevertheless, it is not the prerogative of this court to challenge the established statutory or decisional law of the State. (Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).)
However, while agreeing with the defendants that under existing law damages may not be recovered by plaintiffs under the facts of this case for mental pain and suffering, we are of the view that Counts I, III and IV should not have been dismissed. Count I contains a recitation that "the personal representative sues for the estate or in the alternative for the individual plaintiffs for these damages [mental pain and suffering] and for any damages due the estate because of the occurrence aforesaid including the refund of amounts paid to the defendant * * * toward the funeral bill." Count III constitutes *129 an action for implied warranty of merchantability and Count IV, an implied warranty of fitness. Under those counts a cause of action is stated sufficient to be afforded an opportunity to adduce appropriate proof of at least the sums paid for the defective casket and any other damages, other than mental pain and suffering, related thereto. (See F.S. 672.314; F.S. 672.315; F.S. 672.714 and F.S. 672.715).
Affirmed in part and reversed in part, and remanded for further proceedings consistent herewith.
ERVIN and MILLS, JJ., concur.