ROBERT S. FLOWERS, *et al.*

*v.*

CITY OF MORGANTOWN, *etc.*

(No. 14253)

Decided December 9, 1980.

*Robert S. Flowers,* pro se.

*Mike Magro, Jr.* for appellee.

CAPLAN, JUSTICE:

This is an appeal from an order entered in the Circuit Court of Monongalia County on December 14, 1977 dismissing the appellants' complaint for failure to state a claim upon which relief can be granted.

In their complaint filed January 3, 1977, the appellants, Robert and Norma Flowers, allege that they own a parcel of real estate in Morgantown upon which is situate their commercial building, Davidson Brothers Garage. Two public streets, owned and maintained by the City of Morgantown, abut the appellants' property. The appellants allege that by reason of their ownership of property abutting upon a public street, they have a special right of access and special property rights in light, air and view. They further allege that in 1976 the City of Morgantown undertook to cause to be constructed an indoor parking facility on property owned by the City across from the appellants' commercial building. It is alleged that as an integral part of the parking facility an elevated concrete walkway ramp was constructed, and that such ramp, for part of its distance, runs along the side of the appellants' commercial building adjacent to the window lights and exterior of the building.

As part of their prayer, the appellants sought to require the City to institute condemnation proceedings to condemn the property rights of the plaintiffs, being the special rights to access, light, air and view, and to pay plaintiffs just compensation for the taking of said property rights.

The appellees moved to dismiss the complaint for failure to state a claim upon which relief could be granted. By memorandum order issued December 14, 1977, the circuit court granted the motion and dismissed the complaint. The court relied on *State ex rel. Woods v. State Road Commission,* 148 W.Va. 555, 136 S.E. 2d 314 (1964) in finding that one whose real estate abuts upon a public street has an incident to such ownership easements of light, air, view and access, but that such rights are subject to the power of

the State or municipality to regulate reasonably in the public interest without compensation.

We find that *Woods* does teach, and the circuit court was correct in finding, that in West Virginia, owners of land abutting upon public streets have a special right of access thereto and to light, air and view therefrom. These are property rights and exist regardless of the ownership of the fee in the highway. *Davis v. Spragg*, 72 W.Va. 672, 79 S.E. 652 (1913). *Woods* does not teach, however, that such private property rights may be taken for public use without just compensation.[1]

Article III, Section 9 of the West Virginia Constitution provides:

> § 9. Private property shall not be taken or damaged for public use, without just compensation; nor shall the same be taken by any company, incorporated for the purposes of internal improvement, until just compensation shall have been paid, or secured to be paid, to the owner; and when private property shall be taken, or damaged, for public use, or for the use of such corporation, the compensation to the owner shall be ascertained in such manner, as may be prescribed by general law; provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders.

The issue here presented is whether or not the trial court erred in holding that the appellants could prove no set of facts in support of their claim that the City of Morgantown must institute condemnation proceedings to condemn the property rights of the appellants, being the special right to access, light, air and view, and pay just compensation for the taking or damaging of said rights.

It is clear in West Virginia that the right of access to and from a public street or highway is a property right of which the owner may not be deprived without just compensation. *State ex rel. Ashworth v. The State Road Commission*, 147

---

[1] The situation here involves property abutting a public way and in no way do we by this discussion qualify or act contrary to *W.Va. Code*, 1931, 2-1-2, regarding the doctrine of ancient lights.

W.Va. 430, 128 S.E.2d 471 (1962). The law with regard to the right of recovery for damage to one's right of access to his property is:

> While entire access may not be cut off, an owner is not entitled, as against the public, to access to his land at all points in the boundary between it and the highway; if he has free and convenient access to his property and to the improvements thereon, and his means of ingress and egress are not substantially interfered with by the public, he has no cause of complaint. 39 C.J.S. Highways § 141, page 1081. To the same effect see Mueller v. New Jersey Highway Authority, 59 N.J.Super. 583, 158 A.2d 343; Iowa State Highway Commission v. Smith, 248 Iowa 869, 82 N.W.2d 755, 73 A.L.R.2d 680; People ex rel., Department of Public Works v. Murray, 172 Cal.App.2d 219, 342 P.2d 485; Smith v. State Highway Commission, 185 Kan. 445, 346 P.2d 259; State of Indiana v. Ensley, et al., 240 Ind. 472, 164 N.E.2d 342; Lewis v. Lorenz, 144 Colo. 23, 354 P.2d 1008. *Woods, supra.*

As a general rule, the owner of land abutting on a public street is also in possession of easements of light, air and view. *Davis, supra.* All such easements constitute property for the taking of which in eminent domain the owner is entitled to compensation. 29A C.J.S. Eminent Domain § 105(2); 2 Nichols on Eminent Domain §5.72[1] (3rd ed.); *Utah Road Commission v. Miya,* 526 P.2d 926 (1974).

Under Article III, Section 9 of our Constitution, consequential damages to property may be recovered even though no part of the tract is physically taken. *Johnson v. Parkersburg,* 16 W.Va. 402 (1880); *Lovett v. W.Va. C. G. Co.,* 65 W.Va. 739, 65 S.E. 196 (1909). In the case of consequential damages to a tract, no part of which is physically appropriated, the damage must be peculiar to such land and not be such as is suffered in common with the general public. *Shenandoah Valley R. Co. v. Shepherd,* 26 W.Va 672 (1885).

In general, the law with regard to the right of recovery for damage to one's right to light, air and view is:

The easements of light, air, view, and access have only a nominal value apart from the abutting property, the real injury suffered by the owner lying in the effect produced on his abutting lands by the wrongful interference with the easements, and their value is measured not by the value of the easements separately, but by the damage which the property sustains in consequence of their loss, and the effect of such loss on the market value. [29A C.J.S. *Eminent Domain* § 167, cited in *State v. Allison*, 372 P.2d 850 (Okla. 1962)].

It is well established that:

'The trial court, in appraising the sufficiency of a complaint on a Rule 12 (b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Syl. pt. 3, *Chapman v. Kane Transfer Company*, 160 W.Va. 530, 236 S.E.2d 207 (1977). Syllabus, *Dishman v. Jarrell*, 165 W.Va. 709, ____ S.E.2d ____ (No. 14177, October 28, 1980); Syllabus, *John W. Lodge Dist. Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 245 S.E.2d 157 (1978).

Syllabus pt. 2, *Leasetronics, Inc. v. Charleston Area Medical Center, Inc.* 165 W.Va. 773, ____ S.E.2d ____, (No. 14182, November 5, 1980).

The trial court erred in finding that the appellants could prove no set of facts in support of their claim which would entitle them to relief. The judgment of the Circuit Court of Monongalia County is therefore reversed and the case is remanded for further proceedings on the merits.

*Reversed and remanded.*