# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adam Lunsford, Claude Ratliff,**
**Donna Ratliff, Jennifer Green, and Debbie Dix,**
**Plaintiffs Below, Petitioners**

**vs)  No. 14-1065** (Mercer County 14-C-362)

**Cravens Funeral Home, Inc.**
**d/b/a Cravens-Shire Funeral Home,**
**Defendant Below, Respondent**

**FILED**

June 22, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Adam Lunsford, Claude Ratliff, Donna Ratliff, Jennifer Green, and Debbie Dix, by counsel Wayne L. Evans, appeal the Circuit Court of Mercer County's orders dismissing their claims against Respondent Cravens Funeral Home, Inc. d/b/a Cravens-Shire Funeral Home ("Cravens Funeral Home") dated September 12, 2014, and denying the motion for reconsideration filed by William Lunsford, a plaintiff in the action below dated September 16, 2014. Respondent, by counsel Kermit J. Moore and W. Blake Belcher, filed its response to which petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

Petitioners are family members of decedent Peggy Lunsford. William Lunsford was the spouse of the decedent.[1] Ms. Lunsford died on July 14, 2012, and an autopsy was performed on July 16, 2012. William Lunsford entered into a written contract with respondent for the funeral services of Ms. Lunsford, though Robert Green borrowed $900 to place a down payment on the funeral expenses and other family members and friends contributed to those expenses.[2] The

---

[1] William Lunsford is not a party to this appeal, as his claims against respondent have not been dismissed.

[2] According to the order granting respondent's motion to dismiss, while speculative, it appears that Robert Green is the husband of Petitioner Jennifer Green, though Mr. Green is not a named party in the action below or in this appeal.

1

majority of the expenses were paid by the West Virginia Department of Health and Human Resources through its burial assistance program. Petitioners requested a "Christian burial," including embalming and a casket.

Petitioners and William Lunsford filed an action for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of contract, and punitive damages for the allegedly botched funeral services of Ms. Lunsford, including mishandling of the corpse or body preparation for the funeral. In their civil action, petitioners complain that the services were rushed and that respondent used only one of the three hymns chosen by the family. Two women who were not parties to the underlying action observed an allegedly ill-fitting shirt on Ms. Lunsford and a foul smell emanating from the body, as well as blood under her nails and in her nose. Respondent moved to dismiss on the basis of lack of privity of contract, lack of duty of care, and lack of evidence justifying punitive damages. In its September 12, 2014, "Order Granting Defendant's Motion to Dismiss," the circuit court found that William Lunsford is the only proper party plaintiff, so there was no need to address petitioners' contentions that they are third-party beneficiaries to the contract between William Lunsford and respondent. On September 12, 2014, William Lunsford sent a letter to the circuit court providing further argument or evidence in support of his position that all plaintiffs below have standing to bring suit in this matter due to privity of contract. On September 16, 2014, the circuit court entered its order denying William Lunsford's motion to reconsider. Petitioners appeal from those orders.

**Discussion**

This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin,* 178 W.Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46." Syl. Pt. 3, *Chapman v. Kane Transfer Co. Inc.,* 160 W.Va. 530, 236 S.E.2d 207 (1977). "Dismissal for failure to state a claim is proper where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge,* 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996). This Court has also held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

With regard to William Lunsford's "motion for reconsideration," it is well-settled that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).[3] *Accord Syl.* Pt. 1, *Nancy Darlene M. v. James Lee M.,* 195

---

[3] While William Lunsford submitted a letter requesting that the circuit court reconsider the dismissal of petitioners' claims, because the circuit court treated that letter as a motion to vacate a judgment made, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, we address it in the same manner.

W.Va. 153, 464 S.E.2d 795 (1995); Syl. Pt. 1, *Jackson Gen. Hosp. v. Davis,* 195 W.Va. 74, 464 S.E.2d 593 (1995).

On appeal, petitioners assert two assignments of error. First, they assert that they set forth valid claims for negligent and intentional infliction of emotional distress. Petitioners address a case relied upon by the circuit court in dismissing their action below, *Whitehair v. Highland Memory Gardens, Inc.*, 174 W.Va. 458, 327 S.E.2d 438 (1985). In *Whitehair*, we found that "[a] cause of action for negligent or intentional mishandling of a dead body does not require a showing of physical injury or pecuniary loss. Mental anguish is a sufficient basis for recovery of damages." Syl. Pt. 3, *id.* Petitioners in the instant case argue that while standing was not specifically addressed in *Whitehair*, this Court noted that a cause of action for negligent or intentional mishandling of a dead body ordinarily belongs to the party with the right to possession of the body, usually the surviving spouse. *Id.*, 174 W.Va. at 463, 327 S.E.2d at 443. Petitioners look to out-of-state authority to support their claim that relatives, other than a surviving spouse, may assert valid claims for negligent and intentional infliction of emotional distress. They assert that the complaint below alleges facts that demonstrate that respondent treated them with disrespect and contempt, pointing to their contention that Ms. Lunsford's body smelled, her hair could not be combed, and there was blood in her nose and ears. Further, they complain that they were informed that respondent was losing money by providing services for Ms. Lunsford's "welfare funeral" and that the time for services was limited for that reason. They argue that each petitioner "experienced severe emotional distress, including nightmares, depression, anxiety and olfactory hallucinations in the aftermath of the funeral." Further, they contend that their mental anguish was the natural and probable consequence of the character of respondent's actions and that severe emotional distress was foreseeable.

As admitted by petitioners, we stated in *Whitehair* that

> although the issue of the proper party plaintiff is not raised, we believe it is important to note that the cause of action ordinarily belongs to the party with the right to possession of the body. . . . This is usually the surviving spouse . . . provided that he or she was living with the decedent at the time of death . . . and has not waived his or her right. . . .

174 W.Va. at 463, 327 S.E.2d at 443 (internal citations omitted). Petitioners do not contend that William Lunsford was not living with Ms. Lunsford at the time of her death or that he waived his right to possession of the body. The circuit court did not dismiss William Lunsford's claims when it dismissed petitioner's claims. Therefore, we find that the circuit court did not err in dismissing petitioners' claims for failure to state a claim upon which relief may be granted or denying William Lunsford's motion to vacate the judgment on this ground.

In their second assignment of error, petitioners contend that they are third-party beneficiaries of the funeral services contract between William Lunsford and respondent. They argue that a funeral director's duties extend to close relatives of the deceased. Further, they contend that unlike most commercial agreements, the scope of a contract for funeral services is not limited strictly by the language of the contract, as there is an expectation that the body will be treated with respect and that all arrangements will be carried out with regard for the emotional

3

nature of the situation. Without citing any supporting authority, petitioners assert that a funeral director has a common law duty to perform the contract within the standard of care which must be exercised by funeral directors in the performance of their services.[4] Citing only case law from other states, petitioners contend that a funeral director who negligently breaches a contract for delivery of funeral services is liable to close family members for mental anguish. Petitioners also erroneously assert that the doctrine of privity of contract has been abolished in West Virginia. However, the case they cite for this proposition specifically states that "'[t]he requirement of privity of contract in an action for breach of an express or implied warranty in West Virginia is hereby abolished.' Syllabus, *Dawson v. Canteen Corp.*, 158 W.Va. 516, 212 S.E.2d 82 (1975)." Syl. Pt. 8, *Eastern Steel Constructors, Inc. v. City of Salem*, 209 W.Va. 392, 549 S.E.2d 266 (2001). Petitioners do not contend that there was an express or implied warranty at issue in this matter. Finally, they argue that the presumption that the parties did not intend for the funeral services contract to benefit petitioners is overcome in this case because a funeral involves the most special and extenuating circumstances for close relatives of the decedent.

We have previously held that

> [i]n order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must have been made for the third party's sole benefit." *Robinson v. Cabell Huntington Hospital, Inc.,* 201 W.Va. 455, 498 S.E.2d 27 (1997) *quoting Woodford v. Glenville State College Hous. Corp.,* 159 W.Va. 442, 448, 225 S.E.2d 671, 674 (1976). *See also* W.Va. Code § 55-8-12 (1923).

*Elmore v. State Farm Mut. Auto. Ins. Co.*, 202 W.Va. 430, 438, 504 S.E.2d 893, 901 (1998). However, petitioners admit that they were not the intended beneficiaries of the contract but for the fact that it is a contract for funeral services. They do not, however, cite any law that supports the proposition that such contracts do not follow standard contract law in West Virginia. Based on the record before us, we find that petitioners have failed to provide any support for their contention that they are third-party beneficiaries to the contract at issue. Therefore, we find no error on the part of the circuit court in dismissing petitioners' claims and refusing to vacate that judgment on this ground.

For the foregoing reasons, we affirm.

Affirmed.

---

[4] Petitioners also argue that while a breach of contract claim cannot be the basis of a claim for emotional distress, funeral contracts are an exception to this rule. However, they fail to cite any law for that proposition. Because we find that petitioners were not third-party beneficiaries to the funeral services contract, we need not address this argument.

**ISSUED:**  June 22, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II