# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bobbie Lee Lester, Plaintiff Below,**
**Petitioner**

**FILED**

September 21, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-1259** (Raleigh County 13-C-677)

**Melton Mortuary, Defendant Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner, Bobbie Lee Lester ("Ms. Lester), by counsel Christopher D. Lefler, appeals the Circuit Court of Raleigh County's October 16, 2014, order that granted respondent summary judgment. Respondent, Melton Mortuary, by counsel Chip E. Williams and Jared C. Underwood, filed a response. On appeal, Ms. Lester argues that the circuit court erred in granting respondent summary judgment in favor of Melton Mortuary on claims for negligence and breach of contract.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2013, Ms. Lester's father, Bobbie Lee Staton, passed away due to a self-inflicted gunshot wound. Soon thereafter, his surviving spouse (and Ms. Lester's mother), Barbara Staton, entered into a contract with Melton Mortuary ("the mortuary"), for his cremation. Ms. Lester was not a party to this contract. The contract provided that the mortuary would only release Mr. Staton's remains to either Ms. Lester or Ms. Lester's mother and only after identification had been presented.

Nonetheless, the mortuary gave Mr. Staton's remains to Ms. Lester's sister, Donna Utz. The next month, Ms. Lester, along with family and friends, tried to collect Mr. Staton's remains and was informed that they had been released to Ms. Utz. Ms. Utz disposed of a small portion of the remains but returned the majority of them to the mortuary.

Ms. Lester filed suit against the mortuary for breach of contract, loss of sepulcher, negligence, and negligent infliction of emotional distress. Mrs. Staton also filed suit on the same grounds, and the two cases were consolidated. The mortuary moved for summary judgment on Ms. Lester's claims on the ground that she lacked standing to assert them. The mortuary's motion did not pertain to Mrs. Staton's claims. Thereafter, the circuit court granted summary judgment in favor

1

of the mortuary on Ms. Lester's claims for breach of contract, negligence, and negligent infliction of emotional distress.[1] The circuit court's order did not affect the claims asserted by Mrs. Staton.

Ms. Lester appeals the circuit court's motion granting summary judgment and requests that we reverse and remand for a jury trial. Our standard of review in regards to summary judgment is set forth in Syllabus Point 1 of *Painter v. Peavy*, 192, W. Va. 189, 451 S.E2d 755 (1994), which provides: "[a] circuit's count's entry of summary judgment is reviewed *de novo*."

On appeal, Ms. Lester argues that the circuit court erred by finding that she did not have standing to bring suit for negligence and negligent infliction of emotion distress for the loss of her father's remains. Ms. Lester also contends that the circuit court erred by finding that she was not an intended third-party beneficiary of the cremation agreement entered into by her mother and the mortuary.

This Court has held it must be shown that the defendant violated a duty owed to the plaintiff in order to establish a prima facie case of negligence. Syl. Pt. 1, *Parsley, v. Gen. Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981). Further, whether a defendant owes a duty to a plaintiff is a matter of law to be determined by the trial court. *Aikens v. Debow*, 208 W. Va. 486, 491. 541 S.E.2d 576, 581 (2000).

In its order, the circuit court relied on *Whitehair v. Highland Memory Garden, Inc.*, which provides that a cause of action for negligently mishandling a body generally belongs to the party with the right to possess the body. 174 W. Va. 458, 463, 327 S.E.2d 438, 443 (1985). *Whitehair* states that, "[i]f the spouse is deceased, the cause of action passes to the kin, in order of relation established by the statute governing intestate succession." *Id.* at 460, 327 S.E.2d at 440-41. Further, our law has long recognized a "quasi-property" right in the survivor to control the disposition of a loved one's remains. *Id.*

West Virginia Code § 30-6-22a sets forth the priority in which individuals may make decisions regarding the disposition of a decedent's remains. Under this statute, the surviving spouse has the right to dispose a body. If the decedent dies without a living spouse, then the right to dispose of the body passes to the decedent's living children. Ms. Lester, the decedent's daughter, argues that this statute's provisions are arbitrary. She further argues that a strict construction of this statute and *Whitehair* could produce unfair results.

However, we are not convinced that our law on this issue produces unfair results, especially here, where the claims asserted by Mr. Staton's surviving spouse, Mrs. Staton, were not affected by the circuit court's order. Pursuant to West Virginia Code § 30-6-22a, Mrs. Staton is the only party who may bring a claim based on the negligent or intentional mishandling of Mr. Staton's remains. Ms. Lester conceded she did not have the right to possess her father's body. Therefore, her claims for negligence and negligent infliction of emotional distress fail as a matter of law because no duty is owed to her.

---

[1]Ms. Lester conceded that she was not the proper party to authorize the disposition of the remains and that she did not have standing to pursue the loss of sepulcher claim.

As to the second issue, Ms. Lester asserts that the circuit court erred by finding that she was not an intended third-party beneficiary of the cremation agreement between her mother and the mortuary. To raise a third-party beneficiary claim, a party must show that the contract at issue was entered into for his/her sole benefit. W.VA. Code § 55-8-12; *see also Ison v. Daniel Crisp Corp.*, 146 W. Va. 786, 122 S.E.2d 553 (1961) (noting that in the absence of a provision in a contract specifically state that such contract shall insure to the sole benefit of a third person, there is a presumption that the contracting parties did not so intend).

Ms. Lester argues that there is parol evidence showing that she was an intended beneficiary of the agreement. In a deposition, Mrs. Staton stated that she designated Ms. Lester to dispose of Mr. Staton's body because she knew that he wanted Ms. Lester to receive his ashes. Ms. Lester further argues that Mrs. Staton entered into the contract to ensure that Mr. Staton was cremated and to ensure that his remains would be delivered to her.

However, our law presumes that the contracting parties did not intend to create a third-party beneficiary if the contract does not contain a provision stating so. *Ison*, 146 W. Va. at 792, 122 S.E.2d at 557. Here, there was no provision in the agreement indicating that it was for Ms. Lester's sole benefit. Furthermore, parol evidence is only considered when the contract is ambiguous, which is not the case here. Finally, no valid or enforceable contract was ever entered into between Ms. Lester and the mortuary because she was not a signatory or party to the agreement, nor was she present at the time that the cremation agreement was executed.

For the foregoing reasons, the October 16th, 2014, order by the Circuit Court of Raleigh County, granting summary judgment in favor of Melton Mortuary, is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II